Erik F. Stidham (ISB #5483)
Jennifer M. Jensen (ISB #9275)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  208.342.5000
Facsimile:  208.343.8869
efstidham@hollandhart.com
jmjensen@hollandhart.com

Attorneys for DEFENDANTS ST. LUKE'S HOSPITAL AND TRACY JUNGMAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIEGO RODRIGUEZ, LEVI ANDERSON, MARISSA ANDERSON and MIRANDA CHAVOYA, <br><br> Plaintiffs, <br><br> vs. <br><br> ST. LUKE'S HOSPITAL, IDAHO DEPARTMENT OF HEALTH AND WELFARE, DAVE JEPPSEN, TRACY JUNGMAN, FOXANNE PRINTZ, CITY OF MERIDIAN, KELSEY JOHNSTON, JEFF FULLER, STEVEN HANSEN, SEAN KING, KENNETH CAYGLE, CHRISTOPHER MCGILVERY, CHIEF TRACY BASTERRECHEA and DOES 1-X, <br><br> Defendants. | Case No. 1:24-cv-00159-DCN <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** |

Defendants St. Luke's Hospital ("St. Luke's")[1] and Tracy Jungman (collectively "St.

Luke's Parties") move, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), to

---

[1] Plaintiffs' Complaint names as a Defendant "St. Luke's Hospital, a corporation," which is a nonexistent entity. Plaintiffs ostensibly sought to sue St. Luke's Health System, Ltd. or St. Luke's Regional Medical Center, Ltd.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** - 1

dismiss the Complaint and Demand for Jury Trial ("Rodrigeuz Complaint") filed by Plaintiffs

Diego Rodriguez, Levi Anderson, Marissa Anderson, and Miranda Chavoya (collectively

"Plaintiffs") for lack of personal jurisdiction and failure to properly effectuate service of process

on the St. Luke's Parties.

## I.      INTRODUCTION

More than four months ago, Plaintiffs filed a baseless lawsuit ("Rodriguez Lawsuit")

against the St. Luke's Parties in United States District Court for the Middle District of Florida,

even though neither the St. Luke's Parties nor the allegations of the complaint have anything to

do with that state.  The Florida federal court transferred the Rodriguez Lawsuit to this District

after Plaintiffs failed to show cause for why they filed their complaint in a clearly improper

venue. Since then, Plaintiffs have failed to serve the St. Luke's Parties as required by the Federal

Rules of Civil Procedure.  Plaintiffs have failed to serve the St. Luke's parties even while

Plaintiff Diego Rodriguez ("Rodriguez") has publicly bragged about filing the Rodriguez on his

website in an apparent effort to solicit funds from his followers.  Plaintiffs have no good reason

for their failure to serve the St. Luke's Parties, and their claims should be dismissed.   At the very

least, before Rodriguez and the other Plaintiffs are granted an extension, they should be ordered

to show cause for their failure to timely serve the Complaint.

## II.      BACKGROUND

In August 2023, the St. Luke's Parties obtained a judgment against Rodriguez for more

than $50 million in compensatory and punitive damages owing to Rodriguez's defamation and

other wrongful conduct directed against St. Luke's, Tracy Jungman, and others.  Declaration of

Erik F. Stidham ¶ 7, Ex. E.  Further, the St. Luke's Parties obtained a Permanent Injunction

prohibiting Rodriguez from continuing to defame and harass the St. Luke's Parties. *Id*.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICENT
SERVICE OF PROCESS** - 2

On March 8, 2024, Rodriguez and the other Plaintiffs filed the above-captioned case ("Rodriguez Lawsuit") against the St. Luke's Parties and various other defendants in United States District Court for the Middle District of Florida. *Id.* ¶¶ 2-3, Exs. A, B. The Rodriguez Lawsuit contains the same knowingly defamatory statements against St. Luke's and Tracy Jungman that were established as false and led to the $50M verdict and Permanent Injunction that Rodriguez is subject to today. As part of his continuing efforts to harass the St. Luke's Parties and to solicit money from his followers, Rodriguez advertised the filing of the Rodriguez Lawsuit on his website. *Id.* ¶¶ 8, Ex. F.

Upon reviewing the Rodriguez Lawsuit, the Florida federal court sua sponte issued an Order to Show Cause requiring that Rodriguez and the other Plaintiffs show cause for why the case should not be dismissed or transferred for lack of venue. *Id.* ¶ 2, Ex. A. On March 22, 2024, the Florida federal court ordered that the case be transferred to the District of Idaho for all further proceedings pursuant to 28 U.S.C. § 1406(a). *Id.* ¶ 4, Ex. C.[2]

As of the date of this filing, it has been 131 days since Plaintiffs initially filed their complaint in Florida and 117 days since the Florida federal court ordered that this case be transferred to the District of Idaho. To date, no summons has been issued and the St. Luke's Parties have not been served as required by Rule 4 of the Federal Rules of Civil Procedure. Plaintiffs have likewise failed to comply with Local Rule 4.1, which requires plaintiffs to file a status report with the Court regarding service within 30 days of filing the complaint.

---

[2] This case was docketed in the District of Idaho's CM/ECF system on March 27, 2024.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** - 3

## III.    ARGUMENT

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  "Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve process on all defendants within ninety days after filing a complaint." *Warren v. Boise Police Dep't*, No. 1:22-cv-00198-BLW, 2022 U.S. Dist. LEXIS 217732, at *3 (D. Idaho Dec. 1, 2022).  While "Rule 4 is a flexible rule," *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), "without substantial compliance . . . neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction," *Direct Mail*, 840 F.2d at 688 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

"The proper method of delivery depends on whether the defendants are people or entities," but "[r]egardless of who the defendants are" a party may not itself serve the summons and complaint.  though, a party herself cannot serve the summons and complaint—she must always have a non-party carry out service. *Warren*, 2022 U.S. Dist. LEXIS 217732, at *4 (citing Fed. R. Civ. P. 4(c)(2)).

> Rule 4 provides several acceptable methods of service for a corporate defendant:
>
> The first is to deliver a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Next, more broadly, a corporation can be served by any means permitted by state law in the state where the court sits or where service is made. Fed. R. Civ. P. 4(h)(1)(A). In Idaho, a corporation can be served by mail only in "limited circumstances" not applicable in this case. *See* Idaho R. Civ. P. 4(d)(3)(C).

*Id.* (cleaned up).  For individuals, Rule 4 similarly allows service by any means permitted in the state where the court sits, or by delivering a copy of the summons and complaint to the

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICENT SERVICE OF PROCESS** - 4

individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

A motion for insufficient service of process may be brought under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5). Plaintiffs' claims against the St. Luke's Parties should be dismissed because Plaintiffs have failed to serve either St. Luke's or Ms. Jungman with the Summons in this action through any of the lawful methods permitted by the Federal rules or Idaho law. Plaintiffs' failure to serve the St. Luke's Parties is "fatal" to their case and the proper remedy is dismissal. *Id.; Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

It is axiomatic that "[p]roper service is essential for a court to exercise jurisdiction over a party." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322 (1999); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). The procedural requirements for service must be met before the court may exercise jurisdiction over a defendant and proceed with claims against the defendant. *Omni Capital*, 484 U.S. at 104.

Dismissal of Plaintiffs' claims against a defendant is proper where the Plaintiffs have failed to serve the summons and complaint on the defendant in accordance with the applicable rules. *See, e.g., Parkinson v. United States*, 175 F. Supp. 2d 1233, 1245 (D. Idaho 2001) (dismissing complaint against certain defendants for failure to timely serve); *see also Gibbs v. Hawaiian Eugenia Corp.*, 581 F. Supp. 1269, 1271-72 (S.D.N.Y. 1984) (claims against defendant dismissed where plaintiffs failed to properly serve defendant, instead delivering the summons to attorneys who had represented defendant in the past, but were not registered agents

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICENT SERVICE OF PROCESS** - 5

for defendant or otherwise authorized to accept service on defendant's behalf); *Barclay v. Michalsky*, 451 F. Supp.2d 386, 393 (D. Conn. 2006) ("[A]n action may be dismissed if the plaintiff fails to serve a copy of the summons and complaint on the defendant(s) pursuant to Rule 4."). These same principles apply in the present case.

Plaintiffs failed to serve the St. Luke's Parties in accordance with any of the options in Rule 4 or Idaho Rule 4(d)(1), (3). "Where a defendant challenges the method of service of process under Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of establishing that service was valid under Rule 4." *Thomason v. Moeller*, No. 4:16-cv-141-BLW, 2017 U.S. Dist. LEXIS 8462, at *19 (D. Idaho Jan. 19, 2017). The St. Luke's Parties have no reason to believe Plaintiffs have good cause for their failure to timely effectuate service. Under the cases discussed above, Plaintiffs' failure to properly serve the St. Luke's Parties means that this Court does not have personal jurisdiction over the St. Luke's Parties, and Plaintiffs' claims against them should be dismissed.

## IV.    CONCLUSION

For the above reason, the St. Luke's Parties respectfully request that this Court grant their motion to dismiss. In the alternative, if this Court is inclined to grant Plaintiffs an extension of time to effectuate service rather than dismiss the case outright, the St. Luke's Parties respectfully requests that Plaintiffs first be required to show cause for their failure to effectuate service before an extension is granted.

DATED:  July 17, 2024

HOLLAND & HART LLP


By: */s/Erik F. Stidham*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICENT SERVICE OF PROCESS** - 6

Erik F. Stidham
Jennifer M. Jensen

ATTORNEYS FOR DEFENDANTS ST.
LUKE'S HOSPITAL AND TRACY
JUNGMAN

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICENT
SERVICE OF PROCESS** - 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of July, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

n/a

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

Diego Rodriguez
Levi Anderson
Marissa Anderson
Miranda Chavoya
1317 Edgewater Dr. #5077
Orlando, FL 32804

Via email:

Diego Rodriguez - freedommanpress@protonmail.com

/s/ Erik F. Stidham
Erik F. Stidham
of HOLLAND & HART LLP

32424594_v2