# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIEGO RODRIGUEZ, LEVI
ANDERSON, MARISSA ANDERSON
and MIRANDA CHAVOYA,

        Plaintiffs,

v.                                                    Case No.: 6:24-cv-486-WWB-EJK

ST. LUKE'S HOSPITAL, IDAHO
DEPARTMENT OF HEALTH AND
WELFARE, DAVE JEPPESEN, TRACY
JUNGMAN, ROXANNE PRINTZ, CITY
OF MERIDIAN, KELSEY JOHNSTON,
JEFF FULLER, STEVEN HANSEN,
SEAN KING, KENNETH CAYGLE,
CHRISTOPHER MCGILVERY, CHIEF
TRACY BASTERRECHEA and DOES I-
X,

        Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Response to Order to Show Cause (Doc. 5). On March 11, 2024, this Court ordered Plaintiffs to show cause why this case should not be dismissed or transferred for lack of venue. (Doc. 4 at 2). Specifically, the Court noted that the events giving rise to this action appear to have occurred in Idaho and Defendants are residents or citizens of Idaho. (*Id.*). In their Response, Plaintiffs do not dispute that that the events giving rise to this action largely occurred in Idaho or that Defendants are residents or citizens of Idaho. Thus, pursuant to § 1391(b)(1)–(2), venue is proper in Idaho. Because there is a proper venue, § 1391(b)(3) does not apply. Plaintiffs have not established that venue is proper in this Court.

Plaintiffs argue that the case cannot be heard in Idaho because of "extreme bias against" them in Idaho based on rulings made in a related case in Idaho, Plaintiffs' activities in Idaho, and media statements made in Idaho. (Doc. 5 at 3–6). "Courts generally do not consider judicial bias when deciding to transfer a case." *Patel v. Crist*, No. 1:19-cv-00739, 2019 WL 11583344, at *3 (N.D. Ga. Apr. 2, 2019). Furthermore, it is well-settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, with respect to any rulings issued in a related case, Plaintiffs' argument is without merit. Moreover, Plaintiffs may seek the recusal of judges or a change of venue based on jury impartiality after transfer and under the proper standards.

In all other respects, having considered and weighed the appropriate factors, this Court finds that venue is improper in this District and that a transfer of venue to the United States District Court for the District of Idaho is in the interests in justice. Accordingly, it is **ORDERED** that, pursuant to 28 U.S.C. § 1406(a), the Clerk of Court shall **TRANSFER** this case to the District of Idaho for all further proceedings.

**DONE AND ORDERED** in Orlando, Florida on March 22, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties