RAÚL R. LABRADOR
STATE OF IDAHO, ATTORNEY GENERAL

James E. M. Craig
Chief, Civil Litigation Division

Joseph M. Aldridge
ISB #9194; jma@sgaidaho.com
Special Deputy Attorney General
Keegan C. Hahn
ISB #11298; kch@sgaidaho.com
SCANLAN GRIFFITHS + ALDRIDGE
913 W. River Street, Suite 310
Boise, Idaho 83702
Telephone (208) 991-1200
Fax (208) 908-0043

*Attorneys for Idaho Department
of Health and Welfare, Dave Jeppesen,
and Roxanne Printz*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIEGO RODRIGUEZ, individually; LEVI ANDERSON, individually; MARISSA ANDERSON, individually; MIRANDA CHAVOYA, individually<br><br>        Plaintiffs,<br><br>vs.<br><br>ST. LUKE'S HOSPITAL, a corporation; IDAHO DEPARTMENT OF HEALTH AND WELFARE, a corporation; DAVE JEPPESEN, an individual; TRACY JUNGMAN, an individual; ROXA   E PRINTZ, an individual; CITY OF MERIDIAN, a municipal corporation; KELSEY JOHNSTON, an individual; JEFF FULLER, an individual; STEVEN HANSEN, an individual; SEAN KING, an individual; KENNETH CAYGLE, an | Case No. 1:24-cv-00159<br><br>**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** |

**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS - 1**

individual; CHRISTOPHER
MCGILVERY, an individual; CHIEF
TRACY BASTERRECHEA,
an individual; and DOES 1-X, inclusive,
unknown parties

           Defendants.

COME NOW Defendants the Idaho Department of Health and Welfare, Dave Jeppesen, and Roxanne Printz (collectively "State Defendants") move, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) to dismiss the *Complaint and Demand for Jury Trial* [Dkt. 1] ("Complaint") filed by Plaintiffs Diego Rodriguez, Levi Anderson, Marissa Anderson, and Miranda Chavoya (collectively "Plaintiffs") for lack of personal jurisdiction and failure to properly effectuate service of process on the State Defendants.

## I.   INTRODUCTION

Plaintiffs filed their Complaint on March 8, 2024, in the United States District Court for the Middle District of Florida. On March 27, 2024, the lawsuit was transferred to this District by the Florida federal court. [Dkt. 6]. Since that time, no summons has been issued, and the Plaintiffs have failed to serve the State Defendants as required by the Federal Rules of Civil Procedure, despite it being 141 days from the date of this filing since the case was transferred to the District of Idaho. Therefore, Plaintiffs' Complaint should be dismissed against the State Defendants.[1]

---

[1] The other named Defendants also have an outstanding Motion to Dismiss based on the Plaintiffs' failure to properly serve the parties. On July 17, 2024, the St. Luke's Defendants filed their Motion to Dismiss for Insufficient Service of Process [Dkt. 9]. On July 26, 2024, the Meridian Defendants joined the St. Luke's Motion to Dismiss [Dkt. 14]. To date, Plaintiffs have not responded to the pending Motion to Dismiss.

**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS - 2**

## II.    ARGUMENT

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

A plaintiff must serve a defendant within 90 days after filing a complaint in federal court. Fed. R. Civ. P. 4(m). When a plaintiff fails to timely serve a defendant, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "A party who has not been served in accordance with Rule 4(m) may invoke Rule 12(b)(2) and/or 12(b)(5) in support of a motion to dismiss." *Larimore v. Heiss Invs., LLC*, No. 1:23-CV-00086-DCN, 2024 WL 943048, at *1 (D. Idaho Mar. 5, 2024).

Under the Federal Rules of Civil Procedure, service on a state government must occur by one of two methods:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A)–(B).

For individuals, Rule 4 allows service by any means permitted by state law, or by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a

**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS - 3**

copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

"In the Ninth Circuit, a motion to dismiss based on a plaintiff's untimely service requires a two-step analysis: 'First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.'" *Larimore*, No. 1:23-CV-00086-DCN, 2024 WL 943048, at *2 (quoting *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)). The Ninth Circuit has noted that good cause requires a plaintiff to show at least "excusable neglect" and to establish good cause, "a plaintiff may also be required to show '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

As to the second step, the Ninth Circuit has not articulated a specific test that a court must apply when exercising its discretion. *Id*. (citing *Sheehan*, 253 F.3d at 513). "However, it has noted that if a plaintiff cannot establish good cause, the district court has broad discretion regarding how to proceed. If, in exercising that discretion, a court declines to extend the period for the service of process, it must dismiss the complaint without prejudice." *Id*. (citing *Sheehan*, 253 F.3d at 513) (internal citation omitted) (dismissing plaintiff's complaint without prejudice after the plaintiff's service on the defendant was untimely, and the plaintiff did not show good cause or excusable neglect). *See also Olsen v. City of Boise, Idaho*, No. 1:20-CV-00478-DCN, 2022 WL 137976, at *3 (D. Idaho Jan. 13, 2022) (dismissing the claims against the defendants after the plaintiff failed to timely serve or show good cause).

**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS - 4**

In the present case, the Plaintiffs have not properly served the State Defendants, and are well past the 90-day limit provided in Rule 4(m). As of the date of this filing, it has been 160 days since the Plaintiffs initially filed their Complaint in Florida and 141 days since the case was transferred to the District of Idaho. To date, no summons has been issued and the State Defendants have not been served as required by Rule 4. As such, the State Defendants request Plaintiffs' Complaint be dismissed pursuant to Rules 12(b)(2) and 12(b)(5).

### III.   CONCLUSION

For the above stated reasons, Plaintiffs' Complaint against the State Defendants should be dismissed without prejudice.

DATED August 15, 2024.      SCANLAN GRIFFITHS + ALDRIDGE

By    /s/ Joseph M. Aldridge
         Joseph M. Aldridge – Of the Firm

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on August 15, 2024, I electronically filed the foregoing document using the ECF system, I also served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

| | |
|---|---|
| Diego Rodriguez<br>Levi Anderson<br>Marissa Anderson<br>Miranda Chavoya<br>1317 Edgewater Dr. #5077<br>Orlando, FL 32804 | ☒ U.S. Mail, Postage Prepaid<br>☐ Facsimile<br>☒ Email<br>   freedommanpress@protonmail.com |

/s/Joseph M. Aldridge
Joseph M. Aldridge

**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS - 6**