Diego Rodriguez
1317 Edgewater Drive #5077
Orlando, FL 32804
(208) 891-7728
*Pro Se*
Email: freedommanpress@protonmail.com

U.S. COURTS

AUG 2 3 2024

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIEGO RODRIGUEZ, individually; LEVI ANDERSON, individually; MARISSA ANDERSON, individually; MIRANDA CHAVOYA, individually<br><br>    Plaintiffs,<br><br>    vs.<br><br>IDAHO DEPARTMENT of HEALTH AND WELFARE; STATE OF IDAHO; CITY OF MERIDIAN; CHIEF TRACY BASTERRECHEA, individually and in his official capacity as the Chief of Police for the City of Meridian; CHRISTOPHER MCGILVERY; SEAN KING; JEFFREY FULLER; STEVEN HANSEN; KELLEY SHOPLOCK, in her official capacity; NICE LOUFOUA, in her official capacity; DAVE JEPPESEN, in his official capacity as the Director of the Idaho Department of Health and Welfare;<br><br>    Defendants. | Case No. 1:24-cv-00159<br><br>**MEMORANDUM SHOWING CAUSE AND MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME** |

COMES NOW, Plaintiffs Diego Rodriguez et al, to submit this Memorandum to support

their Motion to Extend Time to Effectuate Service and move this Court for an order extending

time to effectuate service.

### A. Plaintiffs have timely effectuated service and filed notices of service with the Court.

Plaintiffs filed notices of service via email and fax on March 8th, 2024 for the service of

the Idaho Department of Health and Welfare, State of Idaho, Kelley Shoplock; Nice Loufoua,

Dave Jeppesen, the City of Meridian, Chief Tracy Basterrechea, Christopher McGilvery, Sean

King, Jeffrey Fuller, and Steven Hansen. Thus, Plaintiffs have not failed to prosecute their claim and stand ready for the next phases of this litigation.

    1.  <u>City of Meridian Defendants</u>

Plaintiffs served the City of Meridian, Chief Tracy Basterrechea, Christopher McGilvery, Sean King, Jeffrey Fuller, and Steven Hansen through the Meridian City Clerk on March 8th, 2024. See the respective Declarations of Service. While Plaintiffs inadvertently failed to file notice with this Court, the service of process was completed before the Court's July 15, 2024 deadline to effectuate service.

    2.  <u>State Defendants</u>

The Idaho Tort Claims Act requires that the state employees acting within the scope of their employment be served through that entity:

> In all actions under this act against any employee wherein it is alleged that such employee was acting within the course and scope of his employment, a copy of the summons and complaint shall be served upon the governmental entity which is his employer.

I.C. § 6-916.  This is precisely what was done for the employees of the Idaho Department of Health and Welfare (Dave Jepessen, Kelley Shoplock, and Nice Loufoua). A copy of their summons and complaint were served upon the Idaho Attorney General's Office pursuant to IRCP 4(d)(4)(A). See the respective Declarations of Service.  Kelly Shoplock was also served at her home. *See* Declaration of Service of Kelly Shoplock. Nice Loufoua was served at her apartment complex through the concierge service that runs her apartment complex. *See* Declaration of Service of Nice Loufoua. Attempt was made at the home of Dave Jeppesen however the process server was told by a female at his home that (a) she did not live there, and (b) Mr. Jeppesen was traveling out of state and she did not have a time frame of his return. See Declaration of Non-service of Dave Jeppesen.

To the extent that any of these services of process were insufficient, Plaintiffs request an additional 30 days to effectuate proper service.

**B. Plaintiffs' Motion to Extend Time.**

The Plaintiffs request the Court extend the time to effectuate service upon the Idaho Secretary of State. The Federal Rules of Civil Procedure require that service be effectuated upon a state or local government by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." F.R.C.P. 4(j)(2)(B). Under the Idaho Rules of Civil Procedure, effectuating service upon the State of Idaho or its agencies, requires that "a party must deliver 2 copies of the summons and complaint to the attorney general or any assistant attorney general." I.R.C.P. 4(d)(4)(A). While Idaho's procedural rule only requires effectuating service upon the attorney general by providing the attorney general with two copies of the summons and complaint, the Idaho Tort Claims Act prescribes that the summons and complaint "shall be served on the secretary of state with a copy to the attorney general." I.C. § 6-916. The Attorney General receives two "copies" under Idaho's procedural rule but under the Idaho Tort Claims Act, state law requires the Secretary of State to be served with the summons and complaint and the attorney general is served with a copy.

Defendants cite *Joseph v. Boise State Univ.* in support of its motion to dismiss for lack of proper service of process. See State Defendants' Motion to Dismiss, p. 11 (citing *Joseph v. Boise State Univ.*, No. 1:12-cv-00267-EJL-MHW, 2013 U.S. Dist. LEXIS 21525, at *7-8 (D. Idaho Feb. 15, 2013)). In *Joseph*, the Plaintiff served the Idaho Attorney General's Office but she neglected to serve the Secretary of State as required by Idaho Code § 6–916. There, the Court noted the rule and reasoned that the rule would be moot if the Plaintiff did not survive the Defendants' Motion to Dismiss on substantive grounds. The District Court granted, in part, Defendants' Motion to Dismiss and allowed the Plaintiff time to amend her Complaint, and if she

chose to amend her Complaint, she would be afforded time to serve the Amended Complaint on

the Defendant.

> IT IS ORDERED that:
> 1. Defendants' Motion to Dismiss (Dkt.7) be GRANTED IN PART and that Plaintiff's Complaint against Boise State University be DISMISSED with leave to amend the Complaint as discussed above.
> 2. Plaintiff shall file an Amended Complaint within thirty (30) days from the date of this Order. Failure to do so will result in the Court's recommending to the District Judge that the action against Boise State University be dismissed without further notice.
> 3. If Plaintiff chooses to file an Amended Complaint, she shall serve it on Boise State University in accordance with Federal Rule of Civil Procedure 4(j)(2)(B).

See also *Joseph v. Boise State Univ.*, at *7-8 (D. Idaho Feb. 15, 2013).

Here, while the State was certainly aware of Plaintiffs' claims filed against them,

Plaintiffs should have taken a second step and serve a copy of the Complaint and Summons on

the Idaho Secretary of State. Defendants have not identified any prejudice for the procedural

misstep. Thus, the Plaintiffs respectfully request the Court grant the Plaintiffs' Motion to Extend

Time to effectuate service upon the Secretary of State.

Alternatively, Plaintiffs request the same relief granted in *Joseph*, that is, if Plaintiffs

survive the State Defendants' Motion to Dismiss, then Plaintiffs request additional time to

effectuate the additional steps for proper service.

DATED this 22nd day of August, 2024.

/s/ Diego Rodriguez
Diego Rodriguez

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that on this 22nd day of August, 2023, I caused a true and correct copy of the foregoing to be served upon the following attorney(s) by the manner indicated below:

| | |
|---|---|
| Bruce Castleton<br>Castleton Law PLLC<br>10400 Overland Road, #238<br>Boise, ID 83709 | [  ] U.S. Mail, postage prepaid<br>[  ] Hand Delivery<br>[  ] Overnight Delivery<br>[  ] Facsimile:<br>[ X ] Email: bcastleton@castletonlegal.com<br>[  ] I-Court: |
| Joseph M. Aldridge<br>Special Deputy Attorney General<br>Keegan C. Hahn<br>SCANLAN GRIFFITHS + ALDRIDGE<br>913 W. River Street, Suite 310<br>Boise, Idaho 83702 | [  ] U.S. Mail, postage prepaid<br>[  ] Hand Delivery<br>[  ] Overnight Delivery<br>[  ] Facsimile:<br>[ X ] Email: jma@sgaidaho.com<br>kch@sgaidaho.com<br>[  ] I-Court: |

/s/Diego Rodriguez
Diego Rodriguez