UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIEGO RODRIGUEZ, individually; LEVI ANDERSON, individually; MARISSA ANDERSON, individually; and MIRANDA CHAVOYA, individually, | Case No. 1:24-cv-00159-DCN **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | |
| ST. LUKE'S HOSPITAL, a corporation[1]; IDAHO DEPARTMENT OF HEALTH AND WELFARE, a corporation; DAVE JEPPESEN, an individual; TRACY JUNGMAN, an individual; ROXANNE PRINTZ, an individual; CITY OF MERIDIAN, a municipal corporation; KELSEY JOHNSTON, an individual; JEFF FULLER, an individual; STEVEN HANSEN, an individual; SEAN KING, an individual; KENNETH CAYGLE, an individual; CHRISTOPHER MCGILVERY, an individual; CHIEF TRACY BASTERRECHEA, an individual; and DOES I-X, inclusive, unknown parties, | |
| Defendants. | |

---

[1] "St. Luke's Hospital, a corporation" is a nonexistent entity. Plaintiffs ostensibly intended to sue either St. Luke's Health System, Ltd. or St. Luke's Regional Medical Center, Ltd. Dkt. 9-1, at 1 n. 1.

# I. INTRODUCTION

Before the Court are: (1) Defendants St. Luke's Hospital and Tracy Jungman's (collectively, "St. Luke's Defendants") Motion to Dismiss for Insufficient Service of Process (Dkt. 9); (2) Defendants City of Meridian, Kelsey Johnston, Jeff Fuller, Steven Hansen, Sean King, Kenneth Caygle, Christopher McGilvery, and Tracy Basterrechea's (collectively, "Meridian Defendants") Motion for Joinder to the St. Luke's Defendants' Motion to Dismiss (Dkt. 14); (3) Defendants Idaho Department of Health and Welfare, Dave Jeppesen, and Roxanne Printz's (collectively, "State Defendants") Motion to Dismiss for Insufficient Service of Process (Dkt. 16); and (4) Plaintiff Diego Rodriguez's Motion to Extend Time to Respond to the Defendants' Motions to Dismiss (Dkt. 18), Motion to Extend Time to Effectuate Service (Dkt. 19), and Motion to Allow E-Filing and Notification Via Email (Dkt. 20).

Having reviewed the record and pending motions, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court grants each of the Defendants' Motions to Dismiss, denies Rodriguez's Motion to Extend Time to Respond and Motion to Extend Time to Effectuate Service, and moots Rodriguez's Motion to Allow E-Filing and Notification Via Email.

## II. BACKGROUND

More than one year ago, on March 8, 2024, Plaintiffs Diego Rodriguez, Levi Anderson, Marissa Anderson, and Miranda Chavoya (collectively, "Plaintiffs") filed the instant suit in the Middle District of Florida, alleging multiple claims against the Defendants arising out of a traffic stop in Idaho.[2] Dkt. 1. Plaintiffs apparently moved to Florida after the incident and sought to prosecute their claims in the Middle District of Florida (hereinafter "Florida Court"). *Id*. On March 11, 2024, the Florida Court sua sponte issued an Order to Show Cause requiring Plaintiffs to establish why their case should not be dismissed or transferred for lack of venue. Dkt. 4. Although Plaintiffs responded to the Florida Court's Order to Show Cause, Plaintiffs did not dispute that the events giving rise to this action occurred in Idaho, or that Defendants are residents or citizens of Idaho. Dkt. 5. The Florida Court accordingly held a Florida venue was improper and transferred the case to the District of Idaho pursuant to 28 U.S.C. § 1406(a). Dkt. 6. The case was docketed in this Court on March 27, 2024. Dkt. 7.

Nearly four months after the case was transferred to this Court, Plaintiffs had neither obtained summonses, nor attempted to serve any of the Defendants. As such, the St. Luke's Defendants filed a Motion to Dismiss for Insufficient Service of Process on July 17, 2024. Dkt. 9. On July 26, 2024, the Meridian Defendants filed a Motion for Joinder to the St.

---

[2] Plaintiffs suggest a traffic stop did not occur, and that Defendants instead "hunted" Plaintiffs "down and even illegally tracked" Plaintiffs "using a Constitutionally banned cell phone 'pin,'" and then detained Plaintiffs "so that their child could be forcefully kidnapped and used as a tool of political retaliation against Plaintiffs.'" Dkt. 5, at 2. For purposes of the instant Order, the Court uses the term "traffic stop" solely for ease of reference. The Court has not made any legal determination regarding the nature of the incident at issue.

Luke's Defendants' Motion to Dismiss for Insufficient Service of Process. Dkt. 14. The State Defendants filed their own Motion to Dismiss for Insufficient Service of Process on August 15, 2024. Dkt. 16.

Instead of attempting to effectuate service on any of the Defendants, Plaintiff Diego Rodriquez[3] belatedly filed a Motion for Extension of Time to Respond to Defendants' Motions to Dismiss (Dkt. 18), and a Motion for Extension of Time to Effectuate Service (Dkt. 19), on August 23, 2024.[4] On the same day, Rodriguez also filed a Motion to Allow E-Filing and Notification Via Email. Dkt. 20. Although Defendants opposed Rodriguez's Motions (Dkts. 22, 23, 24, 25), neither Rodriguez, nor any of the other plaintiffs, replied.

On March 11, 2024, Plaintiffs Levi Anderson ("Levi") and Marissa Anderson ("Marissa") filed a separate lawsuit in the District of Idaho, arising out of the same incident, and against most of the Defendants named in this case. *See Anderson et al. v. Idaho Department of Health & Welfare et al.* 1:24-cv-00138-DCN (hereinafter "*Anderson*"). Dkt.

---

[3] All four Plaintiffs are representing themselves pro se in this matter, and they each signed their Complaint. Dkt. 1. However, only Diego Rodriguez filed and signed his Motion to Extend Time to Respond to Defendants' Motions to Dismiss, Motion to Effectuate Service, and Motion to Allow E-filing and Notification via Email. Dkts. 18–20. Rodriguez suggests he brought his Motion to Extend Time and Motion to Effectuate Service on behalf of "Plaintiffs Diego Rodriguez et al." Dkt. 18, at 1; Dkt. 19, at 1. Yet, as a pro se plaintiff, Rodriguez "has no authority to prosecute an action in federal court on behalf of others than himself." *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). The Court accordingly considers Rodriguez's three pending Motions as raised solely on his own behalf, and not on behalf of the other three pro se plaintiffs.

[4] Plaintiffs' deadlines to respond to the St. Luke's Defendants' Motion to Dismiss and Meridian Defendants' Motion for Joinder to the St. Luke's Defendants Motion to Dismiss were, respectively,  August 7, 2024, and August 16, 2024. Although Plaintiffs' deadline for responding the State Defendants' Motion to Dismiss was not until September 5, 2024, none of the Plaintiffs have *ever* substantively responded to the three pending Motions to Dismiss.

1.[5] In response to various Motions to Dismiss in *Anderson*, Levi and Marissa[6] agreed that many of the claims alleged here and in *Anderson* are duplicative, and represented that they intended to dismiss the instant case. *Id.*, Dkt. 21, at 2. Despite this representation, a notice of dismissal has not been filed in the instant case.

## II. LEGAL STANDARDS

### 1. Defendants' Motions to Dismiss for Insufficient Service (Dkts. 9, 14, 16)

Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant with a summons and copy of the complaint "within 90 days after the complaint is filed[.]" "The proper method of delivery depends on whether the defendants are people or entities." *Warren v. Boise Police Dept.*, 2022 WL 17362154, at *2 (D. Idaho 2022). Regardless of who the defendants are, however, a plaintiff *itself* cannot serve the summons and complaint. *Id*. Instead, a plaintiff must always have a non-party carry out service. Fed. R. Civ. P. 4(c)(2).

Once service is challenged, the plaintiff bears the burden of establishing service was valid under Rule 4. . *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Failure to demonstrate proper service is fatal to a lawsuit because "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013)

---

[5] Although this case and *Anderson* assert some different causes of action, many of the claims are the same or, at the very least, overlap. In addition, with the exception of the St. Luke's Defendants, Kelsey Johnston, and Roxanne Printz, *Anderson* names each of the Defendants named in this case. *Anderson*, Dkt. 1. As mentioned, both cases also arise out of the same incident.

[6] Unlike in the instant case, where Rodriguez purports to represent not only himself, but also each of the other plaintiffs, Levi and Marissa are represented by an attorney in *Anderson*.

(citations omitted). Indeed, under Rule 4(m), if a defendant is not properly served, "the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice as to that defendant or order that service be made in a specified time." Fed. R. Civ. P. 4(m) (emphasis added). However, if the plaintiff shows good cause for the delay, the court "must extend the time for service for an appropriate period." *Id*.

A party who has not been served in accordance with Rule 4(m) may invoke Rule 12(b)(2) and/or 12(b)(5) in support of a motion to dismiss. Fed. R. Civ. P. 12(b)(2) and (5). Under Rule 12(b)(2), a court lacks personal jurisdiction over a defendant who has not been served as required by Rule 4(m). Fed. R. Civ. P. 12(b)(2). Under Rule 12(b)(5), untimely service constitutes insufficient service of process. Fed. R. Civ. P. 12(b)(5). Acknowledging the overlap between these two provisions, this Court has stated that Rule 12(b)(2) and 12(b)(5) "often work hand in hand." *Olsen v. City of Boise, Idaho*, 2022 WL 137976, at *3 (D. Idaho Jan. 13, 2022). Which of the two rules a party chooses to raise in a motion to dismiss is of little importance. *Mendoza-Jimenes v. Bonneville Cnty*., 2018 WL 3745818, at *3 (D. Idaho Aug. 7, 2018).

In the Ninth Circuit, a motion to dismiss based on a plaintiff's untimely service requires a two-step analysis: "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (cleaned up). With respect to the first step, the Ninth Circuit has noted showing "good cause" means establishing at least "excusable neglect," and that, to establish good cause, a plaintiff may also be required to show "(a) the party to be served

personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)).

The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion" under the second step of the Rule 4(m) analysis. *Sheehan*, 253 F.3d at 513. However, the Ninth Circuit has noted that if a plaintiff cannot establish good cause, the district court has broad discretion in deciding how to proceed. *Id*. If, in exercising that discretion, a court declines to extend the period for the service of process, it must dismiss the complaint without prejudice. *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc*., 366 F.3d 767, 772 (9th Cir. 2004).

### 2. Rodriguez's Motions to Extend Time (Dkts. 18, 19)

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), when an act may or must be done within a specified time, the court may, for good cause, extend the time if the request for an extension is made before the original time or its extension expires. An extension under Rule 6(b)(1)(A) is typically granted in the absence of bad faith by the party seeking the extension or prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010). Extensions are generally favored so that cases may be resolved on substantive, rather than procedural, grounds. *Id*. at 1258–59. As such, good cause "is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id*. at 1259. Still, a court is not required to grant a motion under Rule 6(b)(1)(A)—even where good cause is demonstrated—if the circumstances warrant a

denial. *Tindall v. First Solar Inc*., 892 F.3d 1043, 1048 (9th Cir. 2018) ("Rule 6 provides that a court *may* grant the motion for good cause, not that it must do so.") (emphasis in original).

If a request for an extension is made after the original time to respond has expired, the court party seeking an extension "must show not just good cause, but also that the deadline was missed because of excusable neglect." *Savage v. City of Twin Falls*, 2015 WL 12681319, at *7 (D. Idaho Jan. 20, 2015); Fed. R. Civ. Proc. 6(b)(1)(B). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,'" courts must consider four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## IV. ANALYSIS

The Court first addresses Rodriguez's requests for extensions to respond to the pending Motions to Dismiss and to effectuate service because, if such requests were granted, the Motions to Dismiss would be moot.

### A. Motion to Extend Time to Respond to Motions to Dismiss (Dkt. 18)

Rodriguez's Motion for Extension of Time to Respond to Defendants' Motions to Dismiss (Dkt. 18) does not: (1) establish any basis for an extension, (2) identify the length of the extension requested, or (3) provide any argument or caselaw in support. Instead, the entirety of Rodriguez's Motion for Extension of Time to Respond to Defendants' Motions to Dismiss states: "COME NOW [sic], Plaintiffs Diego Rodriguez et al [sic] to move this

Court, pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, for an order extending time to respond to Defendants' Motion to Dismiss." Dkt. 18, at 1.

As noted, Federal Rule of Civil 6(b)(1)(A) permits the Court to extend time for good cause. This standard applies only to the extent Rodriguez seeks to extend his deadline to respond to the State Defendants' Motion to Dismiss, as Rodriguez's deadline to respond to the St. Luke's and the Meridian Defendants' Motions to Dismiss expired *before* Rodriguez filed his Motion for Extension. Rodriguez has neither identified—nor even suggested—good cause justifies extending the time for his response to *any* of the pending Motions to Dismiss. Nor have the other plaintiffs requested an extension, let alone established good cause for extending their own response deadlines.

Further, Federal Rule of Civil Procedure 6(b)(1)(B) requires a litigant to establish not only good cause for an extension, but also that a failure to act was due to excusable neglect where, as here with respect to the St. Luke's Defendants and the Meridian Defendants' Motions to Dismiss, a party does not seek an extension until after its time to respond has already expired. Fed. R. Civ. P. 6(b)(1)(B). To determine whether Rodriguez's inaction was due to excusable neglect, the Court considers the danger of prejudice to the St. Luke's and Meridian Defendants, the length of the delay and its potential impact on the instant proceedings, the reason for the delay—including whether it was within Rodriguez's reasonable control—and whether Rodriguez acted in good faith. *Pioneer*, 507 U.S. at 395. Even where, as here, a party is pro se, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect[.]" *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 392).

MEMORANDUM DECISION AND ORDER - 9

As mentioned, Rodriguez makes no attempt to establish good cause for an extension, has not explained the reason for his delay in responding to the St. Luke's and Meridian Defendants' Motions to Dismiss, does not suggested the delay was outside of his control, and has not addressed any of the other *Pioneer* factors which would support finding his delay was the result of excusable neglect. As such, allowing him to respond to the Motions to Dismiss now—more than a year after this case was transferred to the District of Idaho—would prejudice the Defendants. Rodriguez's significantly lengthy delay also impacts the judicial proceedings, as this case has been unable to move forward given Rodriguez's failure to respond to the Motions to Dismiss, reply to Defendants' oppositions to his request for an extension, or, more importantly, to ever effectuate service.

In the absence of even an attempt to establish either good cause for an extension to respond to the State Defendants' Motion to Dismiss, or excusable neglect for his failure to timely respond to the St. Luke's and Meridian Defendants' Motions to Dismiss, the Court declines to grant Rodriguez additional time to respond. Similarly, the other plaintiffs' complete neglect of this matter, without any explanation for their failure to respond to any of the Defendants' Motions to Dismiss, or any participation at all in this suit, cannot be deemed excusable.[7]

In short, Rodriguez has established neither good cause for an extension nor

---

[7] Nevertheless, the Court may have granted Plaintiffs an extension to respond to Defendants' Motions to Dismiss—as it has in *Anderson*—if Levi and Marissa had not falsely represented to the Court that they intended to dismiss the instant case. *Anderson et al. v. Idaho Department of Health & Welfare et al.* 1:24-cv-00138-DCN, Dkt. 21, at 2. Further seemingly bad faith conduct in *Anderson* may result in case-ending sanctions. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct.")

excusable neglect for his failure to respond to Defendants' Motions to Dismiss. Rodriguez's Motion to Extend Time to Respond to Motions to Dismiss (Dkt. 18) is accordingly denied.

### B. Rodriguez's Motion to Extend Time to Effectuate Service (Dkt. 19)

In his Motion to Extend Time to Effectuate Service, Rodriguez suggests:

> Plaintiffs filed notices of service via email and fax on March 8, 2024 for the service of the Idaho Department of Health and Welfare, State of Idaho, Kelley Shoplock, Nice Loufoua, Dave Jeppesen, the City of Meridian, Chief Tracy Basterrechea, Christopher McGilvery, Sean King, Jeffrey Fuller, and Steve Hansen. Thus, Plaintiffs have not failed to prosecute their claim and stand ready for the next phase of litigation.

Dkt. 19-1, at 1–2.

The aforementioned list identifies defendants named in *Anderson*—including Kelley Shoplock, Nice Loufoua, and the State of Idaho—who are not defendants in this case. *Compare* Dkt. 1 *with* 24-cv-138-DCN *Anderson*, Dkt. 1 Similarly, the list omits several of the defendants named in this case, including the St. Luke's Defendants, Roxanne Printz, and Kelsey Johnston. *Id.* Given this disparity, the Court reviewed the Motion to Extend Time to Effectuate Service in *Anderson*, and discovered Rodriguez's Motion to Extend Time to Effectuate Service in this case is identical to that filed in *Anderson*. *Compare* Dkt. 19-1 *with Anderson*, 24-cv-138-DCN, at Dkt. 9-1. More importantly, the above-described attempts at service were apparently made on the defendants in *Anderson*, for the claims at issue in *Anderson*, and not in the instant case. Dkt. 23, at 3. Apparently, neither Rodriguez, nor any of the other plaintiffs, have ever even attempted to serve the Defendants named in this suit.

Rodriguez's misleading identification of service attempts made in *Anderson*, and suggestion that such attempts were instead made in this case, suggests his Motion for Extension of Time to Effectuate Service was brought in bad faith. A party cannot establish good cause for an extension where, as it appears here, the party acted in bad faith. *Ahanchian*, 624 F.3d at 1259. Moreover, because Rodriguez's attempt to show good cause for an extension to effectuate service is not relevant to this case, and because Rodriguez has not made any attempt to establish his complete failure to effectuate service was the result of excusable neglect, Rodriguez's Motion to Extend Time to Effectuate Service (Dkt. 19) is denied.

### C. Defendants' Motions to Dismiss (Dkts. 6, 14, 16)

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988). "[N]either actual notice or simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

To date, neither Rodriguez—nor any of the other plaintiffs—have adequately effectuated service on any of the Defendants. While Rodriguez suggests Plaintiffs served the Meridian Defendants via email and fax on March 8, 2024 (Dkt. 19-1, at 1–2), such service attempts were made on the Meridian Defendants in *Anderson*, and not in this case. Dkt. 23, at 3. Further, even if the aforementioned attempts were made in this case, neither Idaho law nor the Federal Rules of Civil Procedure authorize service by email or by fax.

*See generally* Idaho Rule of Civil P. 4; Fed. R. Civ. P. 4.

Ultimately, in his filings in response to Defendants' Motions to Dismiss, Rodriguez confuses the Meridian Defendants and State Defendants named in this case with those named in *Anderson*, omits any discussion of service attempts made on the Meridian Defendants and State Defendants in this case, and ignores the St. Luke's Defendants' Motion to Dismiss for Improper Service all together. Dkt. 19-1. Rodriguez's motion materials do not even mention the St. Luke's Defendants, let alone identify service attempts made on the St. Luke's Defendants. While Rodriguez misleadingly outlines service efforts made upon certain defendants named in *Anderson*, there is no information before the Court to suggest *any* attempts at service have been made in this case—on either the Meridian Defendants, State Defendants or St. Luke's Defendants. Dkt. 19-1; Dkt. 23; Dkt. 24. The Court accordingly lacks jurisdiction to adjudicate this case. *Direct Mail Specialists*, 840 F.2d at 688; *Crowley*, 734 F.3d at 974–75.

Moreover, Rodriguez and the other Plaintiffs have not only failed to effectuate service on any of the Defendants, but have also ignored Defendants' various filings. For instance, although the Defendants filed oppositions (Dkts. 22, 23, 24, 25) to Rodriguez's Motions for Extension, none of the Plaintiffs replied to any of the oppositions. In fact, Plaintiffs have not filed anything in this case since the various motions Rodriguez filed on August 23, 2024. As outlined above, Rodriguez and the other plaintiffs have also failed to establish either good cause or excusable neglect for their continued failure to effectuate service. Most egregiously, Rodriguez either negligently or intentionally misrepresented that service attempts made in *Anderson* were instead made in this case. Dkt. 9-1. Given

MEMORANDUM DECISION AND ORDER - 13

such conduct, as well as the absence of good cause or excusable neglect for Plaintiffs' failure to effectuate service, the Court exercises its discretion to dismiss this case.

## V. CONCLUSION

Pursuant to Federal Rule of Civil Procedures 12(b)(2) and 12(b)(5), this case is dismissed without prejudice.[8]

## VI. ORDER

**IT IS HEREBY ORDERED**:

1. The St. Luke's Defendants' Motion to Dismiss (Dkt. 9) is **GRANTED**;

2. The Meridian Defendants' Motion for Joinder to the St. Luke's Defendants' Motion to Dismiss for Insufficient Service of Process (Dkt. 14) is **GRANTED**;

3. The State Defendants' Motion to Dismiss for Insufficient Service of Process (Dkt. 16) is **GRANTED**;

4. Rodriguez's Motion to Extend Time to Respond to Defendants' Motion to Dismiss (Dkt. 18) is **DENIED**;

5. Rodriguez's Motion to Extend Time to Effectuate Service (Dkt. 19) is **DENIED**;

6. Because this case is dismissed, Rodriguez's Motion to Allow E-Filing and Notification via Email (Dkt. 20) is **MOOT** and is therefore **DENIED**;

---

[8] Although this case is dismissed without prejudice, the Court has serious doubts as to the viability of any of Plaintiffs' claims given both the Idaho State Court's $50 million verdict and Permanent Injunction against Rodriguez regarding the allegations asserted in this suit (Dkt. 9-7), and the duplicative claims asserted in *Anderson*. Plaintiffs are cautioned that the Court will likely dismiss any refiled claims which are either barred by collateral estoppel, or are duplicative of those asserted in other suits.

7. This case is **DISMISSED without prejudice** and **closed**.

DATED: May 7, 2025

David C. Nye
Chief U.S. District Court Judge